UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


IN RE: FRESENIUS GRANUFLO/
NATURALYTE DIALYSATE
PRODUCTS LIABILITY
LITIGATION

Case No.: 14-cv-12120-DPW          MDL No. 1:13-md-02428-DPW

<u>This Document Relates to:</u>

PEGGY PUCKETT, INDIVIDUALLY AND
ON BEHALF OF THE ESTATE OF DEWEY
SMITH, DECEASED, AND THE
WRONGFUL DEATH HEIRS OF
DEWEY SMITH, DECEASED

        Plaintiff,

v.

FRESENIUS MEDICAL CARE HOLDINGS,
INC., d/b/a FRESENIUS MEDICAL CARE
NORTH AMERICA, INC., FRESENIUS
USA, INC., FRESENIUS USA MANUFACTURING,
INC., FRESENIUS USA SALES, INC.,
AMEDYSIS WYTHVILLE, DR. KENNETH LUCKY,
DR. FRED BALLINGER,

        Defendants.

**<u>MEMORANDUM AND ORDER</u>**
June 24, 2014

Amedysis, Inc., a defendant in this wrongful death case - originating in the Virginia State Courts and now before me as a result of transfer by the Judicial Panel for Multi-District Litigation - moves to dismiss on statute of limitations grounds. Under Virginia law, a wrongful death action must be brought within two years of the alleged cause of death, Virginia Code

§ 8.01-244(B), here June 3, 2010. The action was commenced on March 28, 2014, well after the two year period expired. Moreover, the defendant contends it was not brought by a properly qualified personal representative of the decedent's estate. The plaintiff, however, contends that on June 3, 2012, she was deemed qualified to bring this action and that upon that constructive qualification the two years limitation period was extended an additional two years making this action timely.

The named plaintiff in this action is the decedent's widow, "Peggy Puckett, *individually*, and on behalf of the Estate of Dewey Smith, Deceased, and the wrongful death heirs of Dewey Smith, Deceased." In making her argument for extension of the statute of limitations, the plaintiff relies upon a tolling provision found in Virginia Code, § 8.01-229(B). The Virginia Supreme Court has held, however, that "the tolling provisions of Code § 8.01-229(B) do not apply to the time limitation imposed by the [Virginia Wrongful Death Act]." *Horn* v. *Abernathy*, 343 S.E.2d 318, 324 (Va. 1986). Rather, the Court held that a specific tolling provision under Virginia Code § 8.01-244(B) applies. Under that tolling provision, a Wrongful Death Act action must be brought "by the personal representative of the decedent within two years after the death of the injured person," unless the action was brought within the two year period but "for any cause abates or is dismissed without determining the merits

of such action." *Horn*, 343 S.E.2d at 324 (quoting Virginia Code § 8.01-244(B)). In that circumstance, if another action is brought within the basic two year period, a new limitations period begins.

But this action was not brought by any party, let alone a qualified personal representative, within two years after the death of the injured person. Consequently, the limited tolling provision of Virginia Code § 8.01-244(B) provides no benefit to plaintiff. Given these circumstances, I hereby GRANT the Motion to Dismiss of defendant Amedysis, Inc.

### PROCEDURAL ORDER

The analysis applied in this Memorandum and Order would appear to apply to all defendants in this case. Accordingly, the remaining defendants shall, on or before **June 30, 2014** file a statement whether they intend to move to dismiss on statute of limitations grounds. If such a statement is filed by any such remaining defendant, the plaintiff shall file an opposition on or before **July 7, 2014**. The status of motion to dismiss practice in this case shall be on the agenda for the next MDL conference on **July 11, 2014** and counsel for all parties shall arrange to appear in person or by telephone at that conference.

**/s/ Douglas P. Woodlock**
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE